**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4427**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CUAUHTEMOC VILLA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., Senior District Judge. (1:06-cr-00434-WLO-1)

Submitted: November 15, 2007       Decided: November 21, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cuauhtemoc Villa appeals his conviction and the seventy-month sentence imposed after he pleaded guilty to one count of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2000). On appeal, counsel filed an <u>Anders</u>[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the sentence was reasonable. Villa was advised of his right to file a pro se supplemental brief but has not filed a brief. We affirm.

We review a district court's sentence for reasonableness. <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." <u>Hughes</u>, 401 F.3d at 546. Counsel does not assert that the district court erred in determining the applicable Guidelines[2] range, and our review of the record reveals no error. Next, the district court must consider the Guidelines range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and impose a sentence. "A sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v.</u>

---

[1]<u>Anders v. California</u>, 386 U.S. 738 (1967).

[2]<u>U.S. Sentencing Guidelines Manual</u> (2006).

<u>Johnson</u>, 445 F.3d 339, 341-42 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) (upholding presumption). If a court imposes a sentence outside the Guidelines range, the court must state its reasons for doing so. <u>Hughes</u>, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47 (citations omitted). In this case, Villa was sentenced below the applicable statutory range but within the Guidelines range that resulted after application of the safety valve provisions of USSG §§ 2D1.1(b)(9) and 5C1.2. We conclude that his sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Villa's conviction and sentence. This court requires that counsel inform Villa, in writing, of the right to petition the Supreme Court of the United States for further review. If Villa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Villa.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -